# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN GOODWIN, | Case No. 1:25-cv-00430-SAB |
| Plaintiff, | ORDER SCREENING COMPLAINT |
| v. | (ECF No. 1) |
| SOCIAL SECURITY ADMINISTRATION, et al., | **THIRTY-DAY DEADLINE** |
| Defendants. | |

Duchun Goodwin ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action, and the complaint is currently before the Court for screening.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

1

F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato, 70 F.3d 1106.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

1    Plaintiff is Duchun (Deshawn)[1] Goodwin, a resident of California. (ECF No. 1, p. 1.)
2 Defendants are the Social Security Administration, California Department of Insurance, and
3 State Farm Insurance Company. (Id.) For jurisdiction, Plaintiff relies on federal question
4 jurisdiction. (Id. at p. 2.) Plaintiff then alleges the following factual allegations:

5    Plaintiff was diagnosed with ADHD at age 14 and previously received Social Security
6 benefits until they were terminated. (Id.) In 1995, Plaintiff was wrongfully denied benefits and
7 "has faced systemic discrimination in every attempt to requalify." (Id.) On January 15, 2025,
8 Plaintiff was approved for benefits, "yet has never received a formal award letter or retroactive
9 payment." (Id.) "SSA falsely claimed Plaintiff contacted them in July 2024 and declared a
10 disability onset then, contradicting their medical history and earlier disability status." (Id.)

11    Plaintiff made at least five attempts to contact the SSA, including visiting the SSA office
12 on "March 7, and has still received no disbursement of benefits." (Id.) "SSA falsely imposed a
13 payee requirement without proof or medical justification, violating Plaintiff's autonomy and
14 federal disability rights." (Id.)

15    Because of the SSA and California Department of Insurance's delays and misconduct,
16 Plaintiff has lived in a shelter and been denied house, treatment, and financial support. (Id.)
17 "State Farm Insurance ceased living benefits after Plaintiff's home was destroyed in a hate crime
18 in 2020. Plaintiff wad denied coverage, misled, and left without housing support due to bad
19 faith, misrepresentation, and failure to comply with California's insurance regulations." (Id.)
20 "The Department of Insurance failed to address or resolve complaints file by Plaintiff since 202,
21 despite repeated follow-ups and mounting documentation." (Id.)

22    "Plaintiff was injured while in care at a state-sanctioned recovery program due to unsafe
23 conditions and remains without adequate medical treatment." (Id. at p.3.)

24    Plaintiff then lists the following causes of action: violation of Title II of the ADA;
25 violation of 42 U.S.C. § 1983; violation of the Social Security Act; violation of California Fair
26 Claims Settlement Practices Regulations; Negligence. (Id.) Plaintiff prays for declaratory relief,
27

28 [1] Plaintiff has spelled his own first name in at least two ways. (See ECF No. 1, p.1.)

3

injunctive relief, damages (including damages for emotional distress), and punitive dagames. (Id.)

**III.**

**DISCUSSION**

**A.   Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citations and quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The Court notes Plaintiff has filed at least six other civil actions against the same defendants in the past two years.[2] In recommending dismissal of the following cases, courts provided Plaintiff the requisite pleading standard under Rule 8. See Goodwin v. State Farm Gen. Ins. Co., Case No. 1:23-cv-00165-ADA-HBK (initial complaint filed February 2, 2023, against State Farm, Philip Call, Poonam Kalsi, and Laura Selby for violations of sections 102 and 103 of the Civil Rights Act of 1991; dismissed as deficient and facially frivolous); Goodwin v. State Farm Gen. Ins. Co., No. 1:23-CV-00232-SAB (initial complaint filed on February 15, 2023, against State Farm and its agents for violations of sections 102 and 103 of the Civil Rights

---

[2] The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978)); see also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.")

1  Act of 1991; dismissed for failure to state a claim); Goodwin v. The California Dep't of Ins.,
2  Case No. 1:23-cv-00259-JLT-HBK (initial complaint filed on February 21, 2023, against the
3  California Department of Insurance and its agents, including Liza Pedrosa for violations of
4  sections 102 and 103 of the Civil Rights Act of 1991; dismissed because the amended complaint
5  was devoid of any parties or facts that would permit the Court to find that is has jurisdiction,
6  failed to comply with Rule 8, and failed to establish an arguable basis in law or fact and was
7  therefore facially frivolous); Goodwin v. The California Dep't of Ins., Case No. 23-cv-00346-
8  JLT-HBK (filed on March 8, 2023, against the CDI for violations of sections 102 and 103 of the
9  Civil Rights Act of 1991; dismissed for failure to prosecute); Goodwin v. State Farm Gen. Ins.
10 Co., Case No. 24-cv-00795-JLT-SAB (initial complaint filed on July 9, 2024, against State Farm
11 and its agents, including Poonam Kalsi, Laura Selby, and Phillip Call, for violations of sections
12 102 and 103 of the Civil Rights Act of 1991; 41 U.S.C. § 6503; 48 C.F.R. 52.233-4; California
13 Insurance Code Section 790.03(h); 10 C.C.R. §§ 2695.7 and 2695.9; dismissed for failure to state
14 a claim that invokes this Court's jurisdiction, failure to prosecute, and failure to comply with a
15 Court order).

16       Despite being well aware of the federal pleading standards, Plaintiff's instant complaint
17 does not comply with Rule 8.  While it is short, it does not clearly state what happened.  Instead,
18 Plaintiff's complaint is an impermissible "shotgun" pleading.  See Hughey v. Camacho, No.
19 2:13-CV-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) (noting a shotgun
20 pleading occurs when "one party pleads multiple claims and does not identify which specific
21 facts are allocated to which claim.")  Plaintiff's lists five causes of action but does not state
22 which of his allegations relate to which claims, how the facts relate to the elements of the legal
23 claims raised, nor which Defendant is implicated in each claim.

24       Courts may dismiss a complaint for failure to comply with Rule 8 even when the
25 complaint is not "wholly without merit."  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir.
26 1996).  "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,'
27 applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)."
28 Id.  The Court has repeatedly provided Plaintiff guidance that a civil complaint must contain

1  sufficient facts showing the plaintiff is entitled to relief and that each defendant's involvement
2  must be sufficiently alleged.  The Court shall grant Plaintiff <u>one opportunity</u> to file an amended
3  complaint that complies with Rule 8.  If he chooses to amend his complaint to include numerous
4  claims and defendants, Plaintiff must separate each cause of action; state which Defendant he
5  believes is liable for that cause of action; and identify concise factual allegations that support
6  both the legal standard for the cause of action and show that the particular Defendant committed
7  the violation asserted.

8  **B.  Plaintiff's Claims**

9  As stated, Plaintiff's complaint falls far short of complying with the well-pleaded
10 complaint rule.  However, should Plaintiff choose to amend his complaint, the Court provides the
11 following relevant legal standards.

12 1. <u>ADA</u>

13 Plaintiff broadly alleges a violation of the Americans with Disabilities Act for
14 "[s]ystemic discrimination, denial of access, and imposition of unjustified fiduciary restrictions
15 by SSA" against unspecified defendants.  (ECF No. 1, p. 3.)

16 Title II of the ADA, 42 U.S.C. § 12132 prohibits a public entity from discriminating
17 against a qualified individual with a disability on the basis of disability.  <u>Weinreich v. L.A.</u>
18 <u>County Metro. Transp. Auth.</u>, 114 F.3d 976, 978 (9th Cir. 1997).  To state a claim of disability
19 discrimination under Title II, a plaintiff must allege that:

20
> (1) he "is an individual with a disability;" (2) he "is otherwise
21
> qualified to participate in or receive the benefit of some public
> entity's services, programs, or activities;" (3) he "was either
22
> excluded from participation in or denied the benefits of the public
> entity's services, programs, or activities, or was otherwise
23
> discriminated against by the public entity;" and (4) "such
> exclusion, denial of benefits, or discrimination was by reason of
24
> [his] disability."

25 <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting <u>Thompson v. Davis</u>,
26 295 F.3d 890, 895 (9th Cir. 2002)).  A plaintiff may only assert a Title II claim against "public
27 entities." 42 U.S.C. § 12132; <u>Miranda B. v. Kitzhaber</u>, 328 F.3d 1181, 1187-88 (9th Cir. 2003).
28 Additionally, to assert a claim against a private entity under Title III of the ADA, a

plaintiff must allege: "(1) he is disabled as defined by the ADA; (2) the defendant is a private entity that owns, leases or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability". Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1082 (9th Cir. 2004).

Plaintiff fails to allege sufficient facts to support an ADA claim against any defendant. Even assuming Plaintiff's allegation that he has ADHD were sufficient to show he is an individual with a qualified disability under the ADA, Plaintiff's complaint does not clearly allege the remaining elements of either a Title II or Title III ADA claim. Accordingly, Plaintiff fails to state a claim under the ADA.

2. 42 U.S.C. § 1983

Plaintiff also alleges a violation of "42 U.S. Code § 1983 – Denial of Due Process and Equal Protection rights." (ECF No. 1, p. 3.) Section 1983 provides a means to bring a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185.

To the extent Plaintiff brings a Section 1983 claim against the SSA, he cannot because the SSA is a federal agency, not an actor under state law.

Neither is State Farm or California Department of Insurance a "person" subject to liability under 42 U.S.C. § 1983. Further, Plaintiff fails to allege facts that plausibly support these defendants, or their agents, were acting under color of state law. "[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional

violations by private actors).

### 3. SSA

As pleaded, the Court is unaware of any private right of action under the SSA that would allow for the recovery Plaintiff seeks. Cf. 42 U.S.C. § 1395y(3) (a private cause of action for private individuals to sue a state's failure to comply with federal mandates related to Medicaid). Thus, this does not appear to a judiciable claim.

### 4. Supplemental Jurisdiction

Plaintiff's laundry-list of violations includes two state law claims. As pleaded, the Court would recommend declining to exercise supplemental jurisdiction over Plaintiff's state law claims because he has not stated a valid federal claim. However, in the event that Plaintiff, who is proceeding *pro se*, amends his complaint to plausibly allege a federal claim, the Court briefly provides the legal standards relevant to the state law claims listed in Plaintiff's complaint.

#### a. California Fair Claims Settlement Practices Regulations

Plaintiff alleges "misconduct and denial of benefits" by State Farm. (ECF No. 1, p. 3.) Regardless of the factual deficiencies, a prior screening order by this Court informed Plaintiff that the regulations set forth in 10 C.C.R. § 2695.1, *et seq*. do not create a private right of action. Goodwin v. State Farm Gen. Ins. Co., No. 1:24-CV-00795-JLT-SAB, 2024 WL 3889915, at *6 (E.D. Cal. Aug. 21, 2024); see Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co., No. 1:21-cv-01247-JLT-BAK (BAM), 2022 WL 1665220, at *5 (E.D. Cal. May 25, 2022); Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc., No. 2:17-CV-01515-KJM-AC, 2020 WL 3893395, at *6 (E.D. Cal. July 10, 2020); Rattan v. United Servs. Auto. Ass'n, 84 Cal. App. 4th 715, 724 (Cal. Ct. App. 2000) ("neither the Insurance Code nor regulations adopted under its authority provide a private right of action.")). To the extent Plaintiff alleges State Farm violated the California Fair Claims Settlement Practices Regulations, Plaintiff fails to state a cognizable claim.

#### b. Negligence

In order to establish a claim of negligence under California law, "the plaintiff must show that the 'defendant had a duty to use due care, that he breached that duty, and that the breach was

1  the proximate or legal cause of the resulting injury.'" Brown v. USA Taekwondo, 11 Cal. 5th
2  204, 213, 483 P.3d 159 (Cal. 2021) (quoting Nally v. Grace Comm. Church, 47 Cal. 3d 278, 292,
3  763 P.2d 948 (Cal. 1988)).

4      Plaintiff does not allege any facts suggesting that any defendant owed him a duty of care
5  that was breached. Nor does Plaintiff allege that there was a resulting injury proximately related
6  to any purported breach. Thus, Plaintiff has failed to state a claim of negligence.

### IV.

### CONCLUSION AND ORDER

9      Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief.
10 The Court will grant Plaintiff an opportunity to amend the complaint to cure the above-identified
11 deficiencies to the extent Plaintiff is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122,
12 1130 (9th Cir. 2000).

13     Plaintiff's amended complaint must comply with Rule 8 of the Federal Rules of Civil
14 Procedure. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
15 right to relief above the speculative level...." Twombly, 550 U.S. at 555 (citations omitted).
16 Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in
17 his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

18     Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey
19 v. Maricopa Cnty., 693 F.3d 896, 927. Therefore, Plaintiff's amended complaint must be
20 "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

21     Based on the foregoing, IT IS HEREBY ORDERED that:

22     1.    The Clerk of the Court shall send Plaintiff a civil rights complaint form;

23     2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
24         first amended complaint curing the deficiencies identified by the Court in this
25         order;

26     3.    The first amended complaint, including attachments, shall not exceed twenty-five
27         (25) pages in length; and

28 ///

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed without leave to amend for failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **May 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge

10