# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCHUN GOODWIN,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>    Defendants. | Case No. 1:25-cv-00430-SAB<br><br>ORDER OF REASSIGNMENT OF THIS MATTER TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 4) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action. (ECF No. 3.) On March 22, 2025, the Court screened the initial complaint, pursuant to 28 U.S.C. § 1915, and found that it failed to state a claim for which relief could be granted. (ECF No. 4.) The Court explained the deficiencies in the complaint and directed Plaintiff to file an amended complaint within 30 days of receiving the Court's order. (Id.) The Court also admonished that "[i]f Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed without leave to amend for failure to state a claim." (Id.) (emphasis in original). The deadline for Plaintiff to file his amended complaint has now passed, and the Court will now recommend that this matter be dismissed for failure to state a claim, failure to prosecute, as well as failure to comply with the Court's May 22, 2025 order. (ECF No. 4.)

Following amendment of the Local Rules effective March 1, 2022, a certain percentage

1 of civil cases shall be directly assigned to a Magistrate Judge only, with consent or declination of
2 consent forms due within 90 days from the date of filing of the action. L.R. App. A(m)(1). This
3 action has been directly assigned to a Magistrate Judge only. Not all parties have appeared or
4 filed consent or declination of consent forms in this action. Pursuant to 28 U.S.C. §
5 636(b)(1)(B), Local Rule 302(c)(7), and Local Rule Appendix A, subsection (m), the Court shall
6 direct the Clerk of the Court to randomly assign a District Judge to this action, and the Court
7 shall issue its findings and recommendations.

## I.

## DISCUSSION

To begin, the Court incorporates here its findings and conclusions from its May 22, 2025 screening order, which concluded that the amended complaint failed to state a claim. (ECF No. 4.) Accordingly, on that basis alone, this matter should be dismissed. 28 U.S.C. § 1915(e)(2); see Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).

In addition, Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. See Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Similarly, Local Rule 110 permits courts to impose sanctions on a party who fails to comply with a court order, and the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 890 (noting that

1 these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and independently reviewing the record because the district court did not make finding as to each). But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al." as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

Upon review of the above-stated factors, the Court finds dismissal of the action is warranted. The expeditious resolution of litigation is deemed to be in the public interest. Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. Given Plaintiff has failed to respond to the Court's May 22, 2025 order, the Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where the petitioner failed to timely respond to court order, noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges"). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. See Sibron v. New York, 392 U.S. 40, 57 (1968). The instant dismissal is a dismissal without leave to amend, which the Court finds appropriate under the circumstances, and the Court's order gave Plaintiff sufficient notice.

In sum, this case cannot linger indefinitely on this Court's already overburdened docket. A dismissal of this action for failure to prosecute and failure to comply with court orders is in accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals. It appears Plaintiff has abandoned this action, and Plaintiff's failure to respond to the Court's order

warrants the sanction of dismissal without leave to amend under the circumstances.

## II.

## ORDER AND RECOMMENDATIONS

IT IS HEREBY ORDERED that the Clerk of the Court DIRECTED to randomly assign this matter to a District Judge. Furthermore, it is HEREBY RECOMMENDED that this case be dismissed without leave to amend for failure to state a claim, failure to prosecute this action, and/or failure to comply with the Court's order, pursuant to Fed. R. Civ. P. 41 and Local Rule 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 30, 2025**

STANLEY A. BOONE
United States Magistrate Judge